**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

FUNDS IN THE AMOUNT OF $62,500.00
IN UNITED STATES CURRENCY,

       Defendant.

No. 21 CV 4950

Judge Manish S. Shah

**ORDER**

Claimant Dejuan Mayfield's motion to dismiss [9] is denied. Mayfield must file an answer by 1/11/22. The parties must file a joint status report on 1/11/22 with a proposal for a discovery schedule (including for interrogatories issued under Rule G(6)) and filing dispositive motions. The status report must also state whether the parties have attempted settlement.

**STATEMENT**

The United States Drug Enforcement Administration and the Lake County, Illinois, Sheriff's Office conducted a drug investigation that led to Sheriff's Officers stopping Dejuan Mayfield on April 15, 2020. [1] ¶¶ 14–22.[1] During the stop, a dog with the Lake County Sheriff's Office K-9 unit alerted to Mayfield's blue Jeep. [1] ¶¶ 16, 23–28. The dog also alerted to a black backpack in the Jeep. [1] ¶ 30. Inside the backpack, officers found $62,500 in United States Currency. [1] ¶ 30.

The DEA initiated administrative forfeiture proceedings against the currency, and Mayfield filed a claim with the DEA on August 24, 2020. [1] ¶¶ 32–33. Mayfield was charged with a criminal offense in the Circuit Court of Lake County. [1] ¶¶ 36–39; [12] at 6 (indictment filed on January 6, 2021).

The United States did not file a complaint for the forfeiture of the currency until September 2021. [1]. Mayfield now moves to dismiss the complaint and argues that the complaint is untimely because it was not filed within 90 days of his administrative claim. [9]; *see* 18 U.S.C. § 983(a)(3)(A), (B).

---

[1] Bracketed numbers refer to entries on the district court docket.

Ninety days from Mayfield's administrative claim was November 23, 2020, and the complaint here was filed in September 2021. But the 90-day deadline can be extended by a court "in the district in which the complaint will be filed […] for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A).

On November 19, 2020, the Chief Judge entered an order extending the deadline for a complaint and then the Chief Judge or Acting Chief Judge kept extending the deadline until September 18, 2021. [11-1]. In each of the orders granting an extension, the judge observed that the United States moved for an extension "for good cause" and the judge "was fully informed." [11-1].[2] The United States filed this case on September 17, 2021, one day before the expiration of the court-extended deadline.

The complaint was timely because the court granted extensions "for good cause." 18 U.S.C. § 983(a)(3)(A). Mayfield is suspicious of the government's assertion of good cause—too much time passed, the Lake County State's Attorney obtained an indictment in January 2021, and no apparent federal investigative activity prevented an earlier action for forfeiture. But the "fully informed" Chief Judge and Acting Chief Judge made a "good cause" determination and Mayfield offers no authority to support a collateral attack on the validity of those court orders. Ordinarily, timeliness is an affirmative defense that cannot be resolved on a motion to dismiss and Rule G does not suggest otherwise.[3] Because a court in this district granted extensions for good cause, the United States complied with the statutory deadline.

Mayfield's motion to dismiss is denied.

ENTER:

Date: December 28, 2021

_____
Manish S. Shah
United States District Judge

---

[2] I take judicial notice of the court orders granting the extensions of time. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (courts may consider information subject to judicial notice when ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6)); *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (court orders are subject to judicial notice).

[3] *See generally Sidney Hillman Health Ctr. of Rochester v. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("[d]ismissing a complaint as untimely at the pleading stage is an unusual step … questions of timeliness are left for summary judgment.").